# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK BRUCE, Inmate #N77734, | ) |
|       Plaintiff, | ) |
| vs. | ) CIVIL NO. 05-028-MJR |
| JOE HARPER, PAM GRUBMAN, C/O BRIAN, and JUDGE CHARLES ROMANI, | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is frivolous and thus subject to summary dismissal.

Plaintiff makes three basic allegations. First, Plaintiff states that defendant Joe Harper, a social worker, intercepted a letter Plaintiff wrote to a prison psychiatrist relating his "emotional disorder." After reading the letter, Harper signed an order committing Plaintiff to "shock detention" for three days and nights. According to Plaintiff the detention "was unlawful to the point of war time torture" and constituted "deliberate indifference."

> Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, we examine the alleged violation both objectively and subjectively. *See id.* at 834, 114 S.Ct. 1970. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

*Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). Based on this standard, Plaintiff's claim must be dismissed because Plaintiff has not stated a constitutional claim. To the extent the alleged segregation was disciplinary in nature, a three-day segregation is not sufficiently serious to constitute cruel and unusual punishment under the Eighth Amendment. *See Leslie v. Doyle*, 125 F.3d 1132, 1135 (7th Cir. 1997). To the extent the segregation was for psychological observation, and the Court believes it was, it cannot violate the Eighth Amendment because Plaintiff has made no showing that Defendant Harper acted with deliberate indifference to Plaintiff's health or safety.

Second, Plaintiff states that on July 18, 2004, defendant Brian confiscated Plaintiff's walk slow and low bunk permits, telling Plaintiff that they had been revoked. Plaintiff filed numerous grievances. On August 20, 2004, after it was determined that the permits had not been revoked, they were reissued. Plaintiff states that in the 28-day period in which he did not have the permits, he

stayed in his cell, missing both lunch and dinner meals each day, because he feared a "trap" or "set up" against him if he left his cell.  It is difficult to tell specifically which constitutional right Plaintiff is alleging was violated, but the Court believes that Plaintiff is complaining that his medical permits were effectively revoked.  The Court will construe this claim as one for deliberate indifference of Plaintiff's medical needs.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate.  *Estelle*, 429 U.S. at 107.  *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).  "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)].  Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough.  *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).  Allegations of "refusal" to provide medical care, without more, will not establish deliberate indifference, nor will delay, even if serious injury results.  *Id.*

Based on these standards, Plaintiff has not stated a claim of constitutional dimension.  Although the Court sympathizes that Plaintiff had to suffer as a result of the misbehavior of a Corrections Officer, the temporary loss of his walk slow and low bunk permits does not rise to the

level of deliberate indifference to Plaintiff's serious medical needs. It is also unfortunate that Plaintiff had to wait a full month before prison administrators discovered the error, but the fact remains that Plaintiff was not denied medical care to an extent that violated the constitution.

Third, Plaintiff states that he was sentenced improperly and in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Plaintiff may not challenge his sentence in an action under 42 U.S.C. § 1983. Challenges to the fact or duration of a state prisoner's confinement must be brought in a habeas action pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *DeWalt v. Carter*, 224 F.3d 607, 613-617 (7th Cir. 1999).

Finally a word about Plaintiff's pending motion for injunction is in order. In the motion (Doc. 9) and amended motion (Doc. 11), Plaintiff asks the Court to issue an injunction in a pending Illinois state probate case regarding the estate of his deceased mother. The Court does not have jurisdiction over matters of state law. *See* 28 U.S.C. §§ 1331, 1332. To the extent that Plaintiff is asking the Court to consider the state claims under its supplemental jurisdiction, the Court declines to exercise this power. *See* 28 U.S.C. § 1367.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions in the case are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 10th day of May, 2005.**

                                                          **s/ Michael J. Reagan**
                                                          **MICHAEL J. REAGAN**
                                                          **United States District Judge**